T.C. Summary Opinion 2004-93

UNITED STATES TAX COURT

MARCELO E. FERRADA AND GLORIA D. FERRADA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3084-03S.                    Filed July 19, 2004.

Marcelo E. and Gloria D. Ferrada, pro sese.

<u>W. Lance Stodghill</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1998 a deficiency in petitioners' Federal income tax of $10,338 and an addition to tax under section 6651(a)(1) of $2,434.50. The issues for decision are: (1) Whether petitioners are entitled to deductions on Schedule C, Profit or Loss From Business, in excess of those allowed by respondent; and (2) whether petitioners are subject to an addition to tax under section 6651(a)(1) for failure to file timely their 1998 Federal income tax return.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioners resided in Houston, Texas, at the time the petition was filed.

During the year in issue, Mr. Ferrada was employed as a contractor in the aviation industry. Petitioners also operated a food stand.

1. Mr. Ferrada's Employment

In October 1997 petitioners and their son lived in Tucson, Arizona. At that time, Mr. Ferrada was hired by Global Technical Services (GTS), an Air Force subcontractor, for a position of indefinite length in Lake Charles, Louisiana. In December 1997 GTS was replaced as a subcontractor by Air Mate. Mr. Ferrada continued to work in the same position for Air Mate. In February 1998 Mr. Ferrada began working for Hi-Tec Associates, Inc. (Hi-Tec). He continued working on the same project as before but in

a different department. His position also changed from quality control to manufacturing engineer. The terms of Mr. Ferrada's employment remained open-ended.

At the end of 1997, Mr. Ferrada moved his wife and son to Del Rio, Texas. Mrs. Ferrada and their son lived rent-free in a mobile trailer owned by Mrs. Ferrada's parents. Mr. Ferrada continued to work in Lake Charles. In December 1998, anticipating long-term employment, Mr. Ferrada moved his family to Lake Charles. He continued to work on the project through 1999.

2. Concession Stand

In May 1998 petitioners purchased a concession stand for approximately $4,000. During 1998, petitioners had gross receipts of $710 from the concession stand which they did not report on their tax return. They also incurred $2,315 of expenses.

Petitioners' Individual Income Tax Return for 1998

On April 14, 2000, petitioners jointly filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for tax year 1998. Attached to the return was a Schedule A, Itemized Deductions, and a Schedule C. The Schedule C reported zero business income, expenses of $48,612, and a net loss of $48,612.

Respondent issued a statutory notice of deficiency to petitioners in which he disallowed certain deductions claimed on the Schedule C for lack of substantiation. An automatic computational adjustment was also made to petitioners' claimed Schedule A medical expense deduction due solely to the increase in adjusted gross income and a corresponding increase in the threshold for the medical expense deduction.

### Petitioners' Schedule C Expenses

#### a. Advertising

Mr. Ferrada invented a flashlight holder. On their Schedule C, petitioners claimed advertising expenses of $1,500 pertaining to the flashlight holder. Petitioners did not have any receipts for the advertising expenses.

#### b. Car and Truck Expenses

Petitioners deducted car and truck expenses of $6,037. This amount comprises $4,685 petitioners paid to purchase a 1987 Saab automobile and $1,352 they paid for auto repair and maintenance for which they provided receipts. Mr. Ferrada purchased the Saab because Mrs. Ferrada needed the use of their Chevy Lumina.

#### c. Insurance

Petitioners deducted insurance expenses of $1,270. Petitioners' receipts show that $959 of this amount was paid for insurance on the Saab petitioners purchased as well as the Chevy

Lumina. It is unclear from the record on what the remaining $311 was spent.

d. Office Expense

Petitioners deducted office expenses of $2,099. Receipts show that they purchased a computer on March 28, 1998, for $1,917. Mr. Ferrada used it for his employment with Hi-Tec but was not required by Hi-Tec to purchase it. He also used the computer for his flashlight and concession stand activities.

Petitioners also purchased a fax machine in January 1998, for $144.99. Mr. Ferrada purchased the fax machine to receive orders for the concession stand he purchased in May 1998.

e. Rent/Lease: Vehicles, Machinery, Equipment

Petitioners reported an expense of $11,180 which they classified as the rental or lease of vehicles, machinery, and equipment. Petitioners actually paid the $11,180 for the rental of an apartment in Lake Charles.

f. Repairs and Maintenance

Petitioners deducted $1,460 for repairs and maintenance which was performed on their vehicles. Petitioners did not provide any documentation of these expenditures.

g. Supplies

Petitioners deducted $11,517 for supplies for their concession stand. Petitioners did not provide any documentation of these expenditures.

h.   Travel

Petitioners deducted $6,980 in travel expenses.  Mr. Ferrada incurred these expenses when he traveled between Lake Charles and Del Rio.  Petitioner also traveled to various sites in Louisiana for his employment.  Petitioner did not keep any records pertaining to his travel.

i.   Meals and Entertainment

Petitioners reported that they incurred meals and entertainment expenses of $1,790.[1]  Mr. Ferrada incurred these expenses while traveling between Lake Charles and Del Rio and while traveling to San Antonio and Houston, Texas.  Several of the receipts petitioners submitted show children's meals.  Indeed, one receipt appears to show a birthday party for petitioners' son at McDonald's.

j.   Utilities

Petitioners deducted utilities expenses of $4,779.  They provided receipts for a payment to the Del Rio Gas Company, Del Rio, Texas, of $199, and a payment to the Central Power and Light, Del Rio, Texas, for the account of Marciano E. Zamora in the amount of $278.  Mr. Zamora is Mrs. Ferrada's father.

---

[1]The $1,790 reported as being incurred for meals and entertainment expenses is one-half of the total amount reported by petitioners as being expended for meals and entertainment expenses for taxable year 1998.

## Discussion

Generally, respondent's determinations are presumed correct, and petitioners bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

In some cases, however, the burden of proof may shift to the Commissioner under section 7491(a). Because petitioners failed to comply with the requirements of section 7491(a), section 7491 does not place the burden of proof on respondent with respect to the claimed deductions. Under section 7491(c), respondent has the burden of production only with respect to petitioner's liability for the addition to tax.

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Section 212 provides a deduction for all ordinary and necessary expenses paid or incurred with respect to management, conservation, and maintenance of property held for production of income, including real property. Sec. 1.212-1(h), Income Tax Regs. Generally, a taxpayer must establish that deductions

claimed pursuant to sections 162 and 212 are ordinary and necessary expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), (e), Income Tax Regs.

With respect to certain business expenses specified in section 274(d), however, more stringent substantiation requirements apply.  Section 274(d) disallows deductions for traveling expenses, gifts, and meals and entertainment, as well as for listed property, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) The amount of the expenses, (2) the time and place of the expense, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of the persons involved in the expense.  The term "listed property" is defined in section 280(F)(d) and includes passenger vehicles and computers.  See sec. 280F(d)(4)(i).

The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Under section 274(d), substantiation by means of adequate records requires a taxpayer to maintain a diary, a log, or a

similar record, and documentary evidence that, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). To be adequate, a record must generally be written. Each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, under section 274(d) no deduction may be allowed for expenses incurred for use of a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. Bradley v. Commissioner, T.C. Memo. 1996-461; Golden v. Commissioner, T.C. Memo. 1993-602.

Personal expenses are not deductible, unless expressly provided for in chapter 1 of the Internal Revenue Code. Sec. 262. Section 162(a) expressly permits a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business". An individual's tax home under this provision generally is the individual's principal place of business, not the location of his personal residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). An exception exists under which an individual's tax home is his personal residence if his principal place of business is temporary rather than indefinite. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). The flush

language following section 162(a)(3) provides that "the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."

Mr. Ferrada testified that his employment as an Air Force contractor was indefinite. Petitioner was employed at the same project at Lake Charles for more than 1 year. Thus, his tax home is at his principal place of business, Lake Charles, Louisiana, not Del Rio, Texas. As such, the $11,180 petitioners paid to rent an apartment in Lake Charles is a personal expense and nondeductible under section 262(a).

Petitioners failed to keep records to substantiate the deductions they claimed on their return. Additionally, petitioners failed to prove that any of the expenditures they reported on their Schedule C were ordinary and necessary business expenses. Respondent's determination disallowing petitioners' Schedule C deductions is sustained.

Addition to Tax for Failure To File Timely

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). In order to meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose addition to tax for failure to file a timely return. Id. at 446.

Once respondent meets his burden of production, petitioners must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect.  Id. at 447.

Respondent contends that petitioners are liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted.  The addition equals 5 percent for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).  Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1); Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioners' 1998 return was filed on April 14, 2000.  They failed to prove they had reasonable cause for the delay or that they lacked willful neglect in filing their return.  Therefore, the Court sustains respondent's determination as to the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.